# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BREN, INC., ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:10-1161 |
| ) | Judge Campbell |
| MILAN EXPRESS CO., INC., ) | Magistrate Judge Knowles |
| ) | **JURY DEMANDED** |
| ) | |
|     Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

1.     JURISDICTION:

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 49 U.S.C. 14706. The Plaintiff corporation and Defendant corporation were both formed under the laws of the State of Tennessee, which was at all times relevant to this case doing business in the State of Tennessee.

2.     PLAINTIFF'S THEORY OF THE CASE:

Plaintiff believes that it has been damaged in the amount of $23,058.00, the market value of the supplies before rendered unusable as a direct result of the negligence of the Defendant's driver parking his vehicle near the river during torrential rains instead of driving it directly to the Plaintiff's place of business.

3.     DEFENDANT'S THEORY OF THE CASE:

Defendant maintains the following: any claim for negligence brought by Plaintiff is barred by federal transportation law, specifically the Carmack Amendment which preempts and bars all state law remedies against Milan for any alleged loss or damage to Plaintiff's goods; Milan

accepted any shipment in accordance with and subject to all terms and conditions of the contract of carriage which forms the rights and duties of the parties; Plaintiff has failed to meet the minimum filing requirements of any claim within the time or format prescribed by the governing contract or tariff of Milan or failed to perform other conditions precedent to recovery; the contract of carriage, Milan's tariffs, classifications and all other governing publications and agreements do not contemplate the responsibility for special or consequential damages; any damage sustained by Plaintiff was caused by or due to the acts, omissions or neglect of the Plaintiff and/or their agents or resulted from acts, omissions, fault or neglect of persons or entities to which Milan is neither responsible nor liable; any damages sustained by Plaintiff's goods were caused by an Act of God; to the extent Plaintiff has suffered any damages to its goods, such damages were caused by force majeure; Milan is not liable for damages resulting from defect or inherent vice of any article claimed to be damaged; Milan's liability, if any, is limited by its applicable tariffs and any recovery by Plaintiff is subject to released or declared value provisions of Class 55 of the National Motor Freight Classification; to the extent that the goods for which Plaintiff seeks recovery were used or resold goods, Milan's maximum liability, if any, is $.10 per pound; and pursuant to the Pricing Agreement between Milan and FreightQuote.com, Milan is not liable for delays and/or defaults in its performance due to causes beyond its control including Acts of God or the public enemy, fire or explosions, flood, actions of the elements and quarantine.

4. ISSUES RESOLVED: Jurisdiction and venue.

5. ISSUES STILL IN DISPUTE: Liability and Damages.

6. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Federal Rules of Civil Procedure § 26(a)(1) on or before February 27, 2011.

7. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before May 27, 2011. Discovery is not stayed during dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences. Discovery-related Motions are due on or before June 5, 2011.

8. MOTIONS TO AMEND: The parties shall file all motions to amend the pleadings by June 27, 2011.

9. DISCLOSURE OF EXPERTS: The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before August 27, 2011. The Defendant shall identify and disclose all expert witnesses and reports on or before September 27, 2011.

10. DEPOSITION OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before October 27, 2011.

11. 

_____

12. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before November 27, 2011. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. The motion and response memoranda are limited to twenty-five (25) pages and the reply, if a reply is filed, is limited to five (5) pages.

13. ALTERNATE DISPUTE RESOLUTION: The Plaintiff suggests a judicial settlement conference would be helpful to resolution of this case.

14. ELECTRONIC DISCOVERY: The default standard contained in Administrative Order No. 174 shall apply to this case.

14. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately one (1) day. The target trial date is March 27, 2012.

**IT IS SO ORDERED.**

_____
E. Clifton Knowles
United States Magistrate Judge